

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-08-035-CV

| | |
|---|---|
| NINA CIULLA, INDIVIDUALLY AND AS NEXT FRIEND OF SALVATORE CIULLA, AN INCAPACITATED PERSON AND ANN CIULLA, AS NEXT FRIEND FOR NICHOLE CIULLA, ELIZABETH CIULLA AND ANTHONY CIULLA, MINOR CHILDREN | APPELLANTS |

### V.

| | |
|---|---|
| STEVE HAWKINS CUSTOM HOMES, INC., A/K/A STEVE HAWKINS CONSTRUCTION COMPANY, INC., A/K/A STEVE HAWKINS BUILDERS | APPELLEE |

------------

## FROM THE 141ST DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

---

[1]*See* TEX. R. APP. P. 47.4.

Appellants Nina Ciulla, individually and as next friend for Salvatore Ciulla, an incapacitated person, and Ann Ciulla, as next friend for Nichole Ciulla, Elizabeth Ciulla, and Anthony Ciulla, minor children, attempt to appeal from a trial court order granting summary judgment in favor of Appellee Steve Hawkins Custom Homes, Inc., a/k/a Steve Hawkins Construction Company, Inc., a/k/a Steve Hawkins Builders.  On February 5, 2008, we notified Appellants that we were concerned that this court may not have jurisdiction over this appeal because the order granting summary judgment in favor of Steve Hawkins Custom Homes, Inc., a/k/a Steve Hawkins Construction Company, Inc., a/k/a Steve Hawkins Builders is a partial summary judgment that does not dispose of all parties in the case, and it does not appear to be an appealable interlocutory order.  *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001). We noted that Appellants' settlement of their claims against David Horton, individually and d/b/a David Horton Framing, is reflected in the trial court's April 13, 2007 "Amended Final Judgment as to Plaintiffs and David Horton, Individually and d/b/a David Horton Framing," but their claims against Paul Moss, individually and d/b/a Paul Moss Framing, appear to still be pending.[2]  We

---

[2]The amended final judgment states that it "specifically does not dispose of any of Plaintiff's claims against . . . Paul Moss, individually and d/b/a Paul Moss Framing."

stated that the appeal would be dismissed for want of jurisdiction unless Appellants or any party desiring to continue the appeal filed within ten days a response showing grounds for continuing the appeal or a copy of a signed order or judgment finalizing the case in the trial court. No response or additional signed order or judgment has been filed.

The record reflects that Appellants' claims against Paul Moss, individually and d/b/a Paul Moss Framing, have not yet been disposed of. Accordingly, because there is no final judgment or appealable interlocutory order, it is the opinion of the court that this case should be dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a); 43.2(f).

PER CURIAM

PANEL D: HOLMAN, GARDNER, and WALKER, JJ.

DELIVERED: March 13, 2008

3